FILED
05/09/2025
*Tricia Brooks*
CLERK
Lincoln County District Court
STATE OF MONTANA
By: Amanda Eckart
DV-27-2025-0000003-FJ
Cuffe, Matthew
7.00

Mark Steger Smith
Lynsey Ross
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings  MT 59101
(406) 247-4667 – Mark
(406) 247-4632 – Lynsey
Mark.smith3@usdoj.gov
lynsey.ross@usdoj.gov

*Attorney for the United States of America*

## MONTANA NINETEENTH JUDICIAL DISTRICT
## LINCOLN COUNTY

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA,<br><br>Plaintiff/Judgment Creditor,<br><br>vs.<br><br>THE CENTER FOR ASBESTOS RELATED DISEASE, INC.,<br><br>Defendant/Judgment Debtor. | Cause No: DV-27-2025-03-FJ<br><br><br>**UNITED STATES'<br>MOTION TO QUASH WRIT** |

The United States, by and through its counsel, AUSAs Mark Smith and Lynsey Ross, hereby moves this Court to quash its Writ of Execution issued February 12, 2025, and withdraw its instructions to Lincoln County directing the execution against the real and personal property of the Center for Asbestos Related Disease, Inc. The supporting brief is filed concurrently.

The undersigned contacted counsel for BNSF Railway Company, Cole Anderson, requesting BSNF withdraw its application for writ. BSNF declined and objects to this motion.

1



EXHIBIT
**C**

DATED: May 9, 2025.

**KURT G. ALME**
United States Attorney

/s/ Lynsey Ross
    Lynsey Ross
    Mark Steger Smith
    Assistant U.S. Attorneys
    Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on today's date by electronic service, and by U.S. Mail, postage prepaid, to the following parties:

The Center for Asbestos Related Disease, Inc.
214 E. 3rd Street
Libby, MT 59923

DATED: May 9, 2025.

/s/ Lynsey Ross
    Lynsey Ross
    Mark Steger Smith
    Assistant U.S. Attorneys
    Attorney for the United States

# CERTIFICATE OF SERVICE

I, Lynsey Ross, hereby certify that I have served true and accurate copies of the foregoing Motion - Motion to Quash to the following on 05-09-2025:

Cole R. Anderson (Attorney)
283 W. Front Street, Suite 203
Missoula MT 59801
Representing: Bnsf Railway Company
Service Method: eService

James Andrew Patten (Attorney)
2817 2nd Avenue North
Suite 300
Billings MT 59101
Representing: Center for Asbestos Related Disease, Inc.
Service Method: eService

Electronically Signed By: Lynsey Ross
Dated: 05-09-2025

FILED

05/09/2025

*Tricia Brooks*
CLERK
Lincoln County District Court
STATE OF MONTANA
By: Amanda Eckart
DV-27-2025-0000003-FJ
Cuffe, Matthew
8.00

Mark Steger Smith
Lynsey Ross
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings  MT 59101
(406) 247-4667 – Mark
(406) 247-4632 – Lynsey
mark.smith3@usdoj.gov
lynsey.ross@usdoj.gov

*Attorney for the United States of America*

**MONTANA NINETEENTH JUDICIAL DISTRICT**
**LINCOLN COUNTY**

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA,<br><br>Plaintiff/Judgment Creditor,<br><br>vs.<br><br>THE CENTER FOR ASBESTOS RELATED DISEASE, INC.,<br><br>Defendant/Judgment Debtor. | Cause No: DV-27-2025-03-FJ<br><br><br>**UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO QUASH WRIT** |

I.      **Introduction.**

BNSF Railway Company improperly sought to represent the interests of the United States while also improperly seeking to seize property in which it knows the United States holds a federal interest. While federal law allowed BNSF to pursue claims on behalf of the United States in its prior *qui tam* action in federal court, no such authority grants BNSF permission to represent the interests of the United States to enforce a federal judgment in the United States' favor. Further, the United States holds an interest in all or substantially all of the property and moneys belonging to the Center for Asbestos Related Disease, Inc. ("CARD") due to CARD's participation in federal grant programs. Accordingly, this Court lacks subject matter jurisdiction to adjudicate federal

interests. The writ of execution should be quashed and the Lincoln County Sheriff should release all property seized on May 7, 2025.

This motion and brief are filed without waiving the sovereign immunity of the United States. Defensive litigation efforts taken by the United States in state court do not waive the right to remove or the sovereign immunity of the United States. *Boron Oil Co. v. Downie*, 873 F.2d 67, 68 (4th Cir. 1989).

## II.      Factual and procedural background.

BNSF filed its initial complaint alleging violations of the False Claims Act by CARD on March 6, 2019, in Cause No. 9:19-cv-40-DLC in the United States District Court for the District of Montana. The unsealed and operative Second Amended Complaint was filed and the United States declined to intervene on February 18, 2021. The jury verdict was entered on June 28, 2023, and found against CARD. CARD appealed the verdict, which was affirmed by the Ninth Circuit. The U.S. District Court awarded fees and costs to BNSF from CARD.

On January 9, 2025, BNSF filed its Request for Filing of Foreign Judgment in the instant matter. Docket Nos. 1-2. Despite purportedly filing the foreign judgment on behalf of the United States, BNSF neither requested permission to act for the United States nor provided notice to the United States of the instant matter. *See* Affidavit of Mailing by Cole Anderson at Docket No. 3. The Court issued its Writ of Execution on February 12, 2025. Docket No. 4. BNSF's Request fails to provide the Court with any authority for BNSF to act on behalf of the United States, and further neglects to inform the Court that the United States has claimed an interest in all or substantially all of CARD's property, and that all or substantially all of CARD's deposit account is comprised of federal grant money.

The United States Agency for Toxic Substances and Disease Registry is an independent operating agency within the United States Department of Health and Human Services ("Agency"). The Agency is the principal federal public health agency involved with hazardous waste public health issues and the protection of communities from harmful effects of exposure to hazardous substances. *See* Declaration of Theodore Larson, ¶ 2, attached as Exhibit 1. Among other functions, the Agency administers grants for a screening program for environmental health conditions such as asbestosis, pleural thickening, and pleural plaques, caused by exposure to hazardous substances at certain Superfund sites. *Id.*; 42 U.S.C. § 1397h. Every five years, the Agency advertises and awards a competitive grant for *Early Detection of Certain Medial Conditions Related to Environmental Health Hazards (CDC-RFA-TS-24_0032)*, for which CARD is and has previously been eligible and awarded grant funds. *Id.* ¶ 4. The Agency most recently awarded funds to CARD for the period of September 2024 through August 2029, and has similarly awarded federal money to CARD through this granting process for the past three or more grant cycles. *Id.* ¶ 5.

III. **Argument**

A. **BSNF does not have authority to act on behalf of the United States.**

Litigation in which the United States is a party "is reserved to the officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. The False Claims Act provided BNSF with the limited authority to "bring a civil action for a violation of section 3729 for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). Because the United States elected not to intervene, BNSF only had "the right to conduct the action." 31 U.S.C. § 3730(c)(3). "It is clear that in a *qui tam* action, the government is the 'real party in interest.'" *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715 (9th Cir. 1994).

The U.S. District Court entered judgment in the favor of the United States, and BNSF is only entitled to a share of the total proceeds of the action. See Docket No. 2, Exhibit C at 1 ("[T]he Court amends the judgment in this matter to award **the United States** $3,243,795.00 in damages, impose $2,582,228.00 in penalties, and award Relator BNSF Railway Co. ("BNSF") 25% of the total **proceeds of the action.**" (emphasis added)). Nothing grants BNSF authority to enforce the judgment on behalf of the United States. As the *qui tam* relator, BNSF is a partial assignee of the United States' claim. *See Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000) (relator is "in effect, suing as a partial assignee of the United States."). Any right to collect by BNSF is derivative of the United States' judgment rather than a distinct judgment in favor of BNSF. Though BNSF may have standing to sue based on assignee status (*Id.*), nothing allows BNSF to bring its action in the name of the United States. Further, BNSF cannot attempt to circumvent the United States' right to the FCA judgment by collecting the assigned portion at the expense of the government. *See, e.g., United States v. Tex. Instrs. Corp.*, 104 F.3d 276 (9th Cir. 1997), *cert denied*, 519 U.S. 928 (1996) (requiring relator to turn over FCA settlement funds received by counsel to the United States); *United States ex rel. Ericson v. City Coll. of San Francisco*, No. C-93-3836-VRW, 1999 WL 221057, *2 (N.D. Cal. Jan. 22, 1999) (government entitled to at least 70% of any recovery).

**B. The United States holds a federal interest in all property subject to the Writ of Execution issued by the Court, which cannot be sold to satisfy a judgment.**

Because of the United States' interest in CARD's property, this Court does not have jurisdiction over CARD's property. "A proceeding against property in which the United States has an interest is a suit against the United States." *United States v. Alabama*, 313 U.S. 274, 282 (1941). *See also United States v. Brosnan*, 363 U.S. 237, 250-51 (1960) ("Under the decisions of this Court, a judicial proceeding against property in which the Government has an interest is a suit

against the United States which cannot be maintained without its consent.") (citations omitted). Congress appropriated funds to the Agency for a particular purpose and, therefore, the funds must not be subverted for any other purpose. *See Buchanan v. Alexander*, 45 U.S. 20, 21 (1846)

BNSF caused the seizure of two bank accounts. *See* Addendum to Writ of Execution at Docket No. 4. To the extent BNSF seeks to garnish, attach, or freeze federal grant funds, this Court has no jurisdiction. All grant moneys in those accounts remain property of the federal government "unless and until expended in accordance with the terms of the grant." *In re Joliet-Will Cty Cmty Action Agency*, 847 F.3d 430, 432 (7th Cir. 1988). "Unless the government consents, sovereign immunity prevents federal funds from being subject to attachment or garnishment." *U.S. Dep't of Hous. & Urban Dev. v. K Capolino Constr. Corp.*, No. 01 Civ. 390(JGK), 2001 WL 487436, *4 (S.D.N.Y May 7, 2001) (citations omitted).

"The United States has an interest in federal funds disbursed to a non-governmental entity for a federal purpose and such interest is not subject to state judicial process without the consent of the United States." *Id. See also Palmiter v. Action, Inc.*, 733 F.2d 1244, 1249-50 (7th Cir. 1984) (finding substantially all assets were federal grant funds and immune from garnishment). If federal funds—specially appropriated for a national purpose—can be diverted or defeated by state process, the functions of the government could be suspended. *Buchanan*, 45 U.S. at 21. This is true here, where the Agency must comply with its statutory granting obligations. 42 U.S.C. § 1397h. Currently, CARD is the only entity funded by the Agency to perform public health screening and education for asbestos related disease in eligible people exposed to asbestos in the Libby and Troy, Montana communities. (Decl. Larson ¶ 6.) BNSF's execution against CARD's real and personal property has locked CARD out of the building and is preventing CARD from fulfilling its obligations under the grant award. See Declaration of Tracy McNew, attached as Exhibit 2.

Prohibiting the sale of property purchased with federal funds is a natural extension of the rule that federal funds are not subject to garnishment or seizure. *See, e.g., Neukirchen v. Wood Cty Head Start, Inc.*, 53 F.3d 809, 811 (7th Cir. 1995) (holding that property purchased with federal grant funds constitutes federal property). CARD's use of federal grant money to purchase, maintain, manage, and improve real and personal property means that CARD holds the property in trust for the benefit of the United States. 45 CFR §§ 75.316 to 75.323. The diversion of the funds in CARD's accounts and property for other uses—such as the payment of judgments—directly conflict with the requirements placed on CARD by the regulations and the grant terms and conditions, and such diversion would violate well-established tenets of sovereign immunity and Congressional appropriations.

The court's reasoning in *Neukirchen* is analogous. There, the judgment debtor also held federal money and property which it had properly purchased with federal money in support of its mission (Head Start funds from U.S. Department of Health and Human Services). In reaching its conclusion that the property could not be sold to satisfy a judgment, the court considered the restrictions on the receipt and use of federal money. The regulations governing Head Start funds require any equipment to be used for the program until no longer needed for the program or "other projects or programs currently or previously sponsored by the Federal Government . . . ." *Neukirchen* 53 F.3d at 813 (quoting 25 C.F.R. § 74.137). CARD's use of grant money is similarly subject to close agency monitoring and minute agency controls. For example:

- title to real property acquired or improved by grant money vests with the award recipient, but use is restricted for the originally authorized purchase and may not be disposed of or encumbered. When the original use is no longer necessary. The agency must approve of any future use or disposition. 45 C.F.R. § 75.318.

- title to equipment acquired with grant money conditionally vests with the award recipient and remains subject to restrictions on use, management, and disposition. 45 C.F.R. § 75.320.

- property acquired or improved with the grant money "must be held in trust by the non-Federal entity as trustee for the beneficiaries of the project or program under which the property was acquired or improved." 45 C.F.R. § 75.323.

- award recipients must maintain and comply with procurement standards subject to agency review. 45 C.F.R. §§ 75.326 to 335.

- each award contains terms and conditions and the agency may impose specific conditions on any award recipient. 45 C.F.R. §§ 75.210; 75.207.

The minute controls over issuance and use of grant money, as well as the use, management, and disposition of property purchased with the grant money, demonstrate that CARD's property constitutes federal property and is not subject to execution. *Neukirchen*, 53 F.3d at 811-13.

*Joliet-Will* is particularly on point where the court characterized the grant recipient as a "trustee, custodian, or other intermediary, who lacks beneficial title and is merely an agent for the disbursal of funds belonging to another" and determined that the federal government had a property interest in personal property purchased with federal funds. 847 F.3d at 432-35. In reaching this determination, the court noted that "the nature of the grantor-grantee relationship is such as to constitute the grantee in effect an agent to carry out specified tasks, rather than a borrower, or an entrepreneur using invested funds." *Id*. at 432. Even when title is vested with the grantee, the federal government's property interest remains unaltered because the regulations required the grantee to reconvey the property to the government on the government's request. *Id.* The court found that "the grantee's ownership is nominal, like a trustee's." *Id.* Extending the prohibition against the garnishment of federal funds first articulated in *Buchanan* to property purchased with federal funds, the court determined that such property could not be sold to satisfy creditors. *Id.* at 435.

Similar findings can be found in other cases. *See, e.g., Henry v. First Nat'l Bank of Clarksdale,* 595 F.2d 291, 308-09 (5th Cir. 1979) (enjoining a state court's attachment of any

federal grant funds or property purchased with those funds from being used to satisfy a state court's monetary awards); *Cross Check Servs., LLC v. Dutra (In re Nev. Fire Safe Council)*, No. NV-16-1304-LTiF, 2017 WL 6553395, *6 (9th Cir. B.A.P. Dec. 21, 2017) ("In general, where a governmental agency awards grant funds to a private nonprofit community service organization but maintains control over how those funds are spent, the nonprofit organization acts merely as a conduit and does not obtain any interest in the funds such that the funds become property of the estate if the organization files a bankruptcy case."); *In re Southwest Citizens' Organization for Poverty Elimination,* 91 B.R. 278, 287 (Bankr. D.N.J. 1988) (holding that property purchased with federal grant funds could not be used to pay creditors).

The United States maintains an interest in the real and personal property of CARD currently seized by Lincoln County, as well as the funds in the seized bank accounts.

## IV. Conclusion

Because the United States holds an interest in CARD's property and any attempt to seize or control such property is justiciable only in a federal district court, this Court lacks subject matter jurisdiction. Accordingly, the Writ of Execution should be quashed and the Court should withdraw its direction to Lincoln County Sheriff to execute on CARD's property.

DATED: May 9, 2025.

**KURT G. ALME**
United States Attorney

/s/ Lynsey Ross
    Lynsey Ross
    Mark Steger Smith
    Assistant U.S. Attorneys
    Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on today's date by electronic service, and by U.S. Mail, postage prepaid, to the following parties:

The Center for Asbestos Related Disease, Inc.
214 E. 3rd Street
Libby, MT 59923

DATED: May 9, 2025.

/s/ Lynsey Ross
    Lynsey Ross
    Mark Steger Smith
    Assistant U.S. Attorneys
    Attorney for the United States

# CERTIFICATE OF SERVICE

I, Lynsey Ross, hereby certify that I have served true and accurate copies of the foregoing Answer/Brief - Brief In Support of Motion to the following on 05-09-2025:

Cole R. Anderson (Attorney)
283 W. Front Street, Suite 203
Missoula MT 59801
Representing: Bnsf Railway Company
Service Method: eService

James Andrew Patten (Attorney)
2817 2nd Avenue North
Suite 300
Billings MT 59101
Representing: Center for Asbestos Related Disease, Inc.
Service Method: eService

Electronically Signed By: Lynsey Ross
Dated: 05-09-2025

FILED
05/09/2025
*Tricia Brooks*
CLERK
Lincoln County District Court
STATE OF MONTANA
By: Amanda Eckart
DV-27-2025-0000003-FJ
Cuffe, Matthew
9.00

Mark Steger Smith
Lynsey Ross
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings  MT 59101
(406) 247-4667 – Mark
(406) 247-4632 – Lynsey
mark.smith3@usdoj.gov
lynsey.ross@usdoj.gov

*Attorney for the United States of America*

## MONTANA NINETEENTH JUDICIAL DISTRICT
## LINCOLN COUNTY

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA, <br><br> Plaintiff/Judgment Creditor, <br><br> vs. <br><br> THE CENTER FOR ASBESTOS RELATED DISEASE, INC., <br><br> Defendant/Judgment Debtor. | Cause No: DV-27-2025-03-FJ |

## DECLARATION OF THEODORE LARSON

I, Theodore Larson, in accordance with 28 U.S.C. § 1746, declare and state as follows:

1. I am over the age of 18 and have personal knowledge of the information in this Declaration. I am employed as a Lead Epidemiologist in the Registries and Surveillance Section, a component of the Office of Innovation and Analytics, at the Agency for Toxic Substances and Disease Registry ("ATSDR") in Atlanta, Georgia. The ATSDR is part of the United States Department of Health and Human Services ("DHHS"). I have been employed in my current position since 2018. I have been employed by ATSDR since 2000.

**EXHIBIT**
**1**

2. The ATSDR is an independent operating agency within DHHS. The Agency is concerned with hazardous waste issues and with the protection of communities from the harmful effects related to exposure to hazardous substances. Among other functions, the ATSDR administers grants for a screening program for environmental health conditions such as asbestosis, pleural thickening, and pleural plaques, caused by exposure to hazardous substances at certain Superfund sites.

3. The Centers for Disease Control and Prevention ("CDC") performs many administrative functions for the ATSDR, including oversight of the awarding and administration of the ATSDR's grants.

4. Every five years, the ATSDR advertises and awards a competitive grantor *Early Detection of Certain Medial Conditions Related to Environmental Health Hazards (CDC-RFA-TS-24_0032)* for which the Center for Asbestos Related Disease, Inc. ("CARD") is and has previously been eligible and awarded grant funds.

5. ATSDR most recently awarded funds to CARD for the period of September 2024 through August 2029 and has similarly awarded federal money to CARD through this granting process for the past three or more grant cycles.

6. Currently, CARD is the only grant recipient conducting the screening and public information and education programs for the Libby and Troy Montana communitites.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 9, 2025

THEODORE LARSON
Atlanta, Georgia

# CERTIFICATE OF SERVICE

I, Lynsey Ross, hereby certify that I have served true and accurate copies of the foregoing Affidavit - Affidavit in Support to the following on 05-09-2025:

Cole R. Anderson (Attorney)
283 W. Front Street, Suite 203
Missoula MT 59801
Representing: Bnsf Railway Company
Service Method: eService

James Andrew Patten (Attorney)
2817 2nd Avenue North
Suite 300
Billings MT 59101
Representing: Center for Asbestos Related Disease, Inc.
Service Method: eService

Electronically Signed By: Lynsey Ross
Dated: 05-09-2025

FILED

05/09/2025

*Tricia Brooks*
CLERK
Lincoln County District Court
STATE OF MONTANA
By: Amanda Eckart
DV-27-2025-0000003-FJ
Cuffe, Matthew
10.00

Mark Steger Smith
Lynsey Ross
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 2nd Ave. North, Suite 3200
Billings  MT 59101
(406) 247-4667 – Mark
(406) 247-4632 – Lynsey
Mark.smith3@usdoj.gov
lynsey.ross@usdoj.gov

*Attorney for the United States of America*

## MONTANA NINETEENTH JUDICIAL DISTRICT
## LINCOLN COUNTY

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA, | Cause No: DV-27-2025-03-FJ |
| Plaintiff/Judgment Creditor, | **DECLARATION OF TRACY McNEW** |
| vs. | |
| THE CENTER FOR ASBESTOS RELATED DISEASE, INC., | |
| Defendant/Judgment Debtor. | |

I, Tracy McNew, in accordance with 28 U.S.C. § 1746, declare and state as follows:

1.    I am over the age of 18 and have personal knowledge of the information in this Declaration.

2.    I am the Executive Director of The Center for Asbestos Related Disease ("CARD").

3.    On or about May 7, 2025, the Lincoln County, Montana Sheriff seized control of the CARD offices in Libby, Montana. Upon seizing control, all employees were compelled to

1

**EXHIBIT**
**2**

vacate the CARD offices and the Lincoln County Sheriff replaced all of the locks. No CARD employee has a key to the new locks.

4.     Upon request, on May 8, certain CARD employees were allowed entrance into the CARD offices for the purpose of accessing the CARD Quickbook accounting program. The activities of the CARD employees was monitored by the Sheriff's Office. Once the necessary use of the Quickbooks program was completed, the CARD employees vacated the office and have not returned.

5.     Other than the instance of access to the CARD office just described, CARD's exclusion from its offices is preventing CARD from fulfilling its obligations under the DHHS grant award.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 9, 2025.

/s/  Tracy McNew
Tracy McNew
Executive Director

**CERTIFICATE OF SERVICE**

I, Lynsey Ross, hereby certify that I have served true and accurate copies of the foregoing Affidavit - Affidavit in Support to the following on 05-09-2025:

Cole R. Anderson (Attorney)
283 W. Front Street, Suite 203
Missoula MT 59801
Representing: Bnsf Railway Company
Service Method: eService

James Andrew Patten (Attorney)
2817 2nd Avenue North
Suite 300
Billings MT 59101
Representing: Center for Asbestos Related Disease, Inc.
Service Method: eService

Electronically Signed By: Lynsey Ross
Dated: 05-09-2025
