IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA,<br><br>Plaintiff/Judgment Creditor,<br><br>vs.<br><br>THE CENTER FOR ASBESTOS RELATED DISEASE,<br><br>Defendant/Judgment Debtor. | CV 25–67–M–DLC<br><br><br>ORDER |

Before the Court are: the United States of America's Motion to Quash (Doc. 1-3); Interested Parties Charles B. Black, Michelle Boltz, Tracy McNew, Miles Miller, and Karen Lee Morissette's ("CARD Employees") Motion to Intervene (Doc. 7); Defendant/Judgment Debtor the Center for Asbestos Related Disease's ("CARD") Motion to Join the United States of America's Motion to Quash Writ and Motion for Preliminary Injunction (Doc. 10); and the United States of America's Motion to Intervene (Doc. 11). On June 12, 2025, the Court held a hearing on the Motions. (Doc. 25.) For the reasons herein, the Government's Motion to Quash, CARD's Motion for Joinder, and CARD's Motion for Preliminary Injunction are DENIED. CARD Employees' Motion to Intervene and the Government's Motion to Intervene are GRANTED.

1

## BACKGROUND

On March 6, 2019, BNSF Railway Company ("BNSF") filed a Complaint in this Court alleging that CARD had violated the False Claims Act ("FCA"). *See* Complaint, *BNSF Ry. Co. v. Ctr. for Asbestos Related Disease, Inc.*, No. CV-19-40-M-DLC (D. Mont. Mar. 6, 2019), ECF No.1 [hereinafter *BNSF I*]. Pursuant to 31 U.S.C. § 3730(b)(2), the United States had 60 days to intervene in the action. The Government moved for five extensions and ultimately, on February 18, 2021, the Government chose not to intervene. *Id.*, ECF 23. BNSF moved forward with litigating the case over a course of two years at its own expense and without the Government's assistance.

On June 28, 2023, a jury found that CARD had committed a total of 337 violations of the FCA by defrauding the federal government and the American taxpayer. *Id.*, ECF 216. On July 18, 2023, the Court issued an Order awarding BNSF 25% of the total proceeds of a total of $5,826,023 in damages and penalties against the CARD clinic. *Id.*, ECF 233. The Court subsequently granted BNSF $1,101,279.38 in attorneys' fees and $322,657.20 in costs. *Id.*, ECF 267. CARD appealed to the Ninth Circuit Court of Appeals; the Ninth Circuit affirmed the jury's verdict on September 24, 2024. *BNSF Ry. Co. v. Ctr. for Asbestos Related Disease, Inc.*, No. 23-35507, 2024 WL 4273814 (9th Cir. Sept. 24, 2024).

On March 15, 2024, BNSF, the Government, and CARD entered into a

stipulation as part of the federal bankruptcy proceedings that followed this Court's judgment against CARD. (Doc. 14-9.) That stipulation provides, in relevant part, the following:

> The Debtor [CARD] has a small amount of non-grant income which was commingled with grant income including a post-petition transfer into a debtor-in-possession bank account.
> . . .
> Federal grant money and property held in trust for the benefit of the United States cannot be used to pay the FCA judgment and/or related costs and expenses, including attorney fees and costs.

(*Id.* at 2–3.)

On February 12, 2025, BNSF filed a Writ of Execution in the Nineteenth Judicial District Court of Montana in Lincoln County. (Doc. 1-2 at 8.) The Lincoln County Sheriff's Office received the Writ on March 5. (*Id.*) The Writ allows the Sheriff to seize the following property from CARD: two bank accounts, office equipment, office furniture, machinery and equipment, and the real property where the CARD clinic is located. (*Id.* at 4–7.) On May 7, the sheriff seized the property that was subject to the Writ. (*See* Doc. 14 at 33.) The property was originally set to be sold at auction on July 2, 2025.

On May 9, 2025, the United States filed a Motion to Quash Writ in the Nineteenth Judicial District Court of Montana. (Doc. 1-3.) The same day, the United States removed the case to this Court. (Doc. 1.)

Since the case was removed, the United States and CARD Employees have

3

each filed a Motion to Intervene. (Docs, 7, 11.) In addition, CARD filed a Motion for Joinder and a Motion for Preliminary Injunction/TRO. (Doc. 9.)

Following the Court's hearing on the pending motions, BNSF filed an affidavit of Sheriff Darren Short who issued the Notice of Sale for July 2, 2025. (Doc. 28-1.) Through the affidavit, Sheriff Short "request[ed] that the Court issue an Order directing that the July 2, 2025 sale be stayed and not occur until and unless an order is issued by Judge Christensen authorizing the sale." (*Id.* ¶ 7.)

## DISCUSSION

### I. Motion to Quash and Motion for Joinder

The Government seeks to quash the writ of execution, arguing that BNSF does not have the authority to act on behalf of the United States and that the United States holds a federal interest in all property subject to the Writ, which cannot be sold to satisfy the judgment. (Doc. 1-3 at 6–7.)

The Government's arguments are illogical at best. The Government allowed BNSF to litigate for two years on its behalf. The Government had many opportunities to intervene; it continually declined to do so. *BNSF I*, ECF. 23. It would be nonsensical to allow a third party to litigate on behalf of the United States but prohibit it from collecting any award it is entitled to for doing so. The Government indeed holds a federal interest in *some* of the property subject to the Writ. But the Government entered into a stipulation in which it agreed that CARD

commingled non-grant income with grant income. (Doc. 14-9 at 2.) The Government lacks interest in any non-grant income. Therefore, the Government's Motion to Quash (Doc. 1-3) is DENIED and CARD's Motion to Join the Motion to Quash (Doc. 9) is DENIED AS MOOT.

## II. Government's Motion to Intervene

The Government contends that it is entitled to intervention as a matter of right. The Court reluctantly agrees.

Under Federal Rule of Civil Procedure 24(a)(2), a Court must grant intervention of right "by a movant who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In analyzing a motion to intervene as of right, the Ninth Circuit requires the moving party to satisfy four elements: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022).

Here, while the Government had years to intervene in *BNSF I* and chose not to, the Government's Motion to intervene *in this case* is timely. The Government learned of the Writ of Execution on May 7, 2025, and filed the instant Motion on May 21, 2025. (Doc. 12 at 6.) Through the stipulation in the bankruptcy proceeding, the parties agreed that "[CARD's] income and real and personal property is held in trust for the benefit of the United States to the extent it was purchased and maintained with federal grant money." (Doc. 14-9 at 2.) The Government thus has a significantly protectable interest in any property or funds that have not been commingled with non-grant money. As a practical matter, the disposition of this action would impede the Government's ability to protect that interest. And finally, the Government's interest is not adequately represented by BNSF, as evidenced by the fact that BNSF opposes the Government's position. Likewise, given the jury's verdict in *BNSF I* finding that CARD defrauded the Government, CARD cannot adequately represent the Government here.

Therefore, the Government's Motion to Intervene (Doc. 11) is GRANTED.

### III.   Current and Former CARD Employees' Motion to Intervene

Current and Former CARD Employees seek to intervene in this case, arguing that BNSF's seizure of CARD prevents CARD Employees from effectively defending themselves in an ongoing malpractice action ("Malpractice Action"). (Doc. 8 at 6.) In the Malpractice Action, Plaintiffs allege that "CARD

6

and CARD Employees committed medical malpractice and other torts by misdiagnosing Plaintiffs with asbestos-related disease, leading Plaintiffs to experience distress and to fail to treat other medical issues." (*Id.* at 6 (citing 8-7 ¶¶ 284–354).)

The Court agrees CARD Employees are entitled to intervention as a matter of right. First, CARD Employees' Motion is timely. The Writ of Execution was executed on May 7, 2025. (Doc. 1-2 at 9.) CARD employees filed the instant Motion on May 15, 2025. (Doc. 7.) Second, CARD Employees have a significantly protectable interest in the property at issue. Specifically, CARD Employees have an interest in the patient records, administrative records, and other materials necessary to defend themselves in the Malpractice Action. As a practical matter, the disposition of this case and the pending sale of the property at issue could impede CARD Employees' ability to defend itself in the Malpractice Action. Finally, the existing parties cannot adequately represent CARD Employees' interests.

Therefore, CARD Employees' Motion to Intervene (Doc. 7) is GRANTED.

### IV.   Motion for Preliminary Injunction/TRO

To obtain emergency injunctive relief—whether that be a temporary restraining order or preliminary injunction—a plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the

absence of preliminary relief; (3) that the equities balance in the plaintiff's favor; and (4) that preliminary injunctive relief would serve the public interest. *See Winter v. Natural Res. Def Council, Inc.,* 555 U.S. 7, 20 (2008).

CARD fails to establish the first element because, as outlined above, the United States's Motion to Quash will be DENIED. Therefore, CARD's Motion for Preliminary Injunction/TRO must also be DENIED.

## CONCLUSION

Accordingly, IT IS ORDERED that the Motion to Quash (Doc. 1-3) and Motion for Joinder and Preliminary Injunction (Doc. 9) are DENIED. CARD Employees' Motion to Intervene and the United States of America's Motion to Intervene (Docs. 7, 11) are GRANTED.

IT IS FURTHER ORDERED that the scheduled auction of CARD's assets seized pursuant to the Writ of Execution is STAYED until the Parties have completed a debtor's exam pursuant to Mont. Code Ann. § 25-14-101, and the Court lifts the stay.

IT IS FURTHER ORDERED that on or before July 11, 2025, the Parties shall file a joint status report informing the Court as to how they wish to proceed with the debtor's exam.

DATED this 27th day of June, 2025.

Dana L. Christensen, District Judge
United States District Court