

**U.S. Department of Justice**

***United States Attorney
District of Montana***

Lynsey Ross
Assistant United States Attorney

2601 2nd Ave N, Ste 3200
Billings, MT 59101

Phone: (406) 247-4632
lynsey.ross@usdoj.gov

September 15, 2025

Andy Patten
Patten, Peterman, Bekkedahl
& Green, PLLC
apatten@ppbglaw.com

Cole Anderson
Chad Knight
Knight Nicastro MacKay
anderson@knightnicastro.com
knight@knightnicastro.com

Jori Quinlan
Britton Fraser
Hall Booth Smith PC
jquinlan@hallboothsmith.com
bfraser@hallboothsmith.com

RE:  *BNSF v. CARD* | Case No. 9:25-cv-67-DLC
     United States Determination of Federal Interest

Dear Counsel:

According to the schedule agreed by the parties and the Order adopting the proposed schedule, the United States provides this determination of federal property interests, as defined by the controlling regulations, in the real and personal property owned or controlled by CARD. This determination was made in accordance with all applicable regulations and grant authority for all property listed on BNSF's Addendum to its writ as filed in state court. If any property not identified on the Addendum is at issue, the United States will complete its determination upon notice of the additional property sought. "Granting Agency" refers to the Department of Health and Human Services, and "Grant Interest" refers to "Federal interest" as defined in 45 C.F.R. § 75.2.

## I.      The Granting Agency has zero Grant Interest in the following property.

Grant money was not used to purchase the following property or present in the identified bank account and the Granting Agency does not claim a Grant Interest in the following "Non-Grant Property":

- Stockman Bank operating account x3371
- Office Equipment
    1. 2 Cisco Catalyst 2960G 24 Port Switch
    2. 1 Cisco Catalyst 2960SF Switch
    3. 2 Cisco Catalyst 2960S Switch
    4. 1 Cisco Catalyst 2960-X Switch
    5. 1 FortiGate Firewall 80F
    6. 1 HP ProLiant DL 380 Server Gen 9
    7. 1 Lenovo Think Server RD350
    11. 2 Dell PowerEdge R720 Server
    14. 1 Dell PowerEdge R610 Server
    15. 1 Dell PowerEdge T620 Server
    16. 1 Mitel HX Controller
    17. 2 HP Pro Curve Switch 2610-24-PWR
    18. 1 Server Rack 7ft Enclosed
    19. 1 APC Battery Backup
    21. Treadmill
    22. Postage Meter (leased item)
    25. Television
    27. 2 Projectors/Screen
    28. 35 Computers

# EXHIBIT A

- Office Furniture
  30. 12 Lamps
  31. 15 Tables
  32. 80 Chairs
  33. 20 Desks
  34. 12 End Tables
  35. Entertainment Center
  36. Refrigerator
  37. Microwave
  38. Dishwasher
  39. 10 Pictures/Paintings/Other Artwork

- Other Machinery, Fixtures, & Equipment
  40. Lawn Mower
  41. Snow Blower
  42. MCG Diagnosis PFT Machine Model 830007-901
  44. Cepheid PCR Machine Model 900-0511

- Real Property
  1. Libby Original Townsite, S03, T30 N, R31 W, Block 8, Lot 20-22, & S15' Lot 19 incl Abandoned Alley *4305*; aka 215 Montana Avenue, Libby, Montana (Parking Lot)
  2. Libby Original Townsite, S03, T30 N, R21 W, Block 8, Lot 17 & Abandoned Alley *4306; aka 211 Montana Avenue, Libby, Montana (Parking Lot)

**II.     The Granting Agency has a 100% interest in the following property.**

The following "Grant Property" was purchased with grant funds and the Granting Agency has a full, 100% Grant Interest.

- Office Equipment
  8. 1 HP ProLiant DL120 Server Gen 5
  9. 1 Dell PowerEdge R450
  10. 1 Dell PowerEdge R450 Server
  12. 2 Dell PowerEdge R440 Server
  13. 1 Dell PowerEdge R540 Server
  20. 1 PACs Cube
  23. Envelope Printer
  24. Envelope Stuffer
  26. Security System
  29. 4 Printers

- Other Machinery, Fixtures, & Equipment
  43. MCG Diagnosis PFT Machine Model 830007-902
  45. 3 Negative Pressure Units Model 10950-005
  46. 3 Freezers made by Thermo Fischer
  47. 2 Spirometry Cart Model Spiro

**III.     The Granting Agency has a partial Grant Interest in the following property.**

The following "Partial-Interest Property" includes or was purchased and improved with some grant money:

- Glacier Bank operating account x1587 – $80,374.18

  $107,436.48 of grant funds were deposited into the Glacier Bank account on April 18. One transaction on April 25 in the amount of $27,062.30 was an authorized use of grant funds. The difference of $80,374.18 was the amount of grant money in the account at the time of seizure.

- Real Property – 87%
  3. Libby Original Townsite, S03, T30 N, R21 W, Block 008, Acres .391, Lots 6-11 Blk 8 RTRC CS 3989; aka 214 E. 3rd St., Libby, Montana (Building)

  ("Clinic Building"). Total grant money of $886,710.75 was used for the purchase and improvements of the Clinic Building:

  > $732,600 grant from HRSA in 2009-10; and
  > $154,110.75 in ATSDR grant money used to pay the mortgage.

  According to CARD's records, it spent $1,022,065.38 total on the purchase and improvements of the Clinic Building:

| | |
|---|---|
| Down Payment | $ 21,191.88 |
| Mortgage Total | $ 160,736.50 |
| Remodel (HRSA) | $ 732,600.00 |
| Remodel (private donations) | $ 91,162.00 |
| Handicap Accessible Door | $ 4,000.00 |
| Covid Driveway | $ 12,375.00 |
| **Total** | **$ 1,022,065.38** |

  Therefore, the Grant Interest in the Clinic Building is 87%, which represents the Granting Agency's percentage of participation in the cost of the purchase and improvements ($886,710.75 ÷ $1,022,065.38 = 87%). 45 C.F.R. §§ 75.2 ("Federal interest"), 75.318(c). Occupancy costs claimed are not considered part of the purchase and improvements and are not included in the total, and the grant money used to pay occupancy costs was not included in calculation of the Grant Interest.

## IV. Disposition of Property.

As to the Non-Grant Property in which the Granting Agency has no Grant Interest (Sec. I), the United States has no position on whether or how BNSF proceeds with disposition of this property.

All Grant Property in which the Granting Agency has a 100% Grant Interest (Sec. II) must be used in the funded program or project in compliance with the grant terms and controlling regulations, or must be retained, sold, or otherwise disposed of by the grantee as directed by the Granting

Agency and consistent with federal disposition instructions. This property cannot be sold to pay prohibited expenses, including judgment liens and attorneys' fees and costs.

As to the Partial-Interest Property in which the Granting Agency has a partial Grant Interest (Sec. III), the property may be liquidated with compensation to the Granting Agency for its interest and in accordance with regulations governing the disposition of grant property. Of the funds seized in the Glacier Bank account, the grant funds of $80,374.18 must be released to CARD for authorized expenses. As to the clinic building, the property may be liquidated in a manner agreed by CARD and BNSF, provided the sale is marketed and sold for the highest possible return and not sold at a sheriff's sale. 45 C.F.R. § 75.318(c)(2). Upon sale, 87% of the net proceeds after actual and reasonable costs of sale must be paid to the Granting Agency for its percentage of participation in the purchase and improvements, with an itemized accounting of the gross sales price and all deducted costs of sale.

This is a determination by the Department of Health and Human Services and therefore entitled to administrative review procedures. You may request a review of this decision by the head of the agency within 30 days of the date you receive this determination. 45 C.F.R. § 75.374(a); 42 C.F.R. Part 50, Subpart D. If the head of the agency declines to review or if you withdraw your request for agency review, you have 30 days from the date of the declination or withdrawal to appeal to the Department Grant Appeals Board. 45 C.F.R. Part 16.

Although outside the scope of the Granting Agency's determination in this letter, as a reminder, upon liquidation of Non-Grant Property (Sec. I) and the non-Grant Interest portion of the Partial-Interest Property (Sec. III), 75% of the resulting proceeds must be paid to the Department of Justice for its share of the judgment recovery. *See* FCA Judgment; *United States v. Tex. Instrs. Corp.*, 104 F.3d 276 (9th Cir. 1997); *United States ex rel. Ericson v. City Coll. of San Francisco*, No. C-98-3836-VRW, 1999 WL 221057, *2 (N.D. Cal. Jan. 22, 1999). An itemized accounting of all proceeds from Non-Grant Property or the non-Grant Interest share of the Partial-Interest Property must be provided to the Department of Justice with payment.

Please do not hesitate to contact me with any questions, concerns, or clarifications. Thank you.

Regards,

KURT G. ALME
United States Attorney

Lynsey Ross
Assistant U.S. Attorney

Encl.