fIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, on behalf of THE UNITED STATES OF AMERICA, | CV 25–67–M–DLC |
| Plaintiff/Judgment Creditor, | ORDER |
| vs. | |
| THE CENTER FOR ASBESTOS RELATED DISEASE, | |
| Defendant/Judgment Debtor, | |
| CHARLES B. BLACK, M.D.; KAREN LEE MORRISSETTE, M.D.; TRACY MCNEW, L.P.N.; MICHELLE BOLTZ, A.R.P.N.; and MILES MILLER, P.A., | |
| Defendant-Intervenors. | |

Before the Court is the Government's motion to remand (Doc. 33) and the Government's motion for extension of time to file reply in support of motion to remand (Doc. 36). BNSF opposes both motions. (*See* Docs. 35, 38.) For the reasons herein, the motions are DENIED.

As the parties are well aware, this matter involves a long and complicated history not worth repeating here. To summarize, in 2023, a jury found that the Center for Asbestos Related Disease ("CARD") had committed a total of 337

1

violations of the FCA by defrauding the federal government and the American taxpayer. *BNSF Ry. Co. v. Ctr. for Asbestos Related Disease*, Inc., No. CV-19- 40-M-DLC (D. Mont. Mar. 6, 2019), ECF No. 216 [hereinafter *BNSF I*].[1] The Court issued an Order awarding BNSF 25% of the total proceeds of a total of $5,826,023 in damages and penalties against the CARD clinic. *Id.*, ECF 233. The Court subsequently granted BNSF $1,101,279.38 in attorneys' fees and $322,657.20 in costs. *Id.*, ECF 267. The Government, BNSF, and CARD entered into a stipulation providing, in relevant part, that CARD had comingled government funds with non-government funds, and that any Government funds could not be used to pay the *BNSF I* judgment. (Doc. 14-9 at 2–3.)

In February 2025, BNSF filed a writ of execution in state court an attempt to collect on the judgment it is owed. (Doc. 1-2 at 8.) The United States removed the case to this Court. (Doc. 1.)

Following several motions and a hearing, the Court issued an order staying the writ of execution and related auction of CARD's assets pending the completion of a debtor's exam. (Doc. 29 at 8.) The Court subsequently adopted the parties' joint schedule and ordered as follows:[2]

---

[1] The Government was entitled to intervene in the matter within 60 days pursuant to 31 U.S.C. § 3730(b)(2); however, after five extensions, the Government ultimately decided not to intervene. (*Id.*, ECF 23.)
[2] This Schedule was agreed upon by the parties (Doc. 31), with the exception that CARD requested to reserve the opportunity to request relief from the Court to

2

(1) On or before September 15, 2025, the United States will provide its determination of federal property interests to the Center for Asbestos Related Disease ("CARD"). CARD consents to the United States sharing the determination with BNSF and the Intervenors Charles B. Black, M.D.; Case 9:25-cv-00067-DLC Document 32 Filed 07/15/25 Page 1 of 3 2 Karen Lee Morrissette, M.D.; Tracy McNew, L.P.N.; Michelle Boltz, A.P.R.N.; and Miles Miller, P.A.

(2) On or after September 15, 2025, BNSF may serve CARD with written discovery regarding its assets and financial information to trace grant funds to the assets in the Writ of Execution's Addendum. This includes Interrogatories, requests for production, and requests for admission. CARD will respond to the discovery requests no later than October 30, 2025.

(3) BNSF may serve Notices of Deposition of CARD witnesses, or any other fact witness identified in discovery at any time after October 30, 2025, including Rule 30(b)(6) witnesses, but all depositions will be taken in December 2025.

(4) On or before January 5, 2025, the parties shall submit a joint status report advising the Court of any resolution(s) between the parties and any unresolved issues. Should any unresolved issues remain, the parties may file simultaneous brief regarding proper resolution on January 19, 2026. Reply briefs will be due February 2, 2026. Any hearing set by the Court on the briefs will be scheduled after reply briefs are filed.

(5) In addition to the above schedule, the parties agree that all discovery and depositions can be conducted in the normal and usual course of discovery and not before the Court or referee, to the extent such may be required by Case 9:25-cv-00067-DLC Document 32 Filed 07/15/25 Page 2 of 3 3 Mont. Code Ann. § 25-14-101. The parties agree that the above deadlines may be modified if agreed upon in writing by all parties.

---

determine the federal interest in any item of personal property and request a release of that personal property. The Court denied that request. (Doc. 32 at 3.)

(Doc. 32 at 1–3.) Now, the Government moves to remand this case to state court. (Doc. 33). But the Court has already ordered a path to resolution which favors BNSF as the judgment debtor. (Docs. 29, 32) The Government's unusual and conflicting arguments do not persuade the Court to stray from that path on the eve of CARD's discovery deadline.

Accordingly, IT IS ORDERED that the motion to remand (Doc. 33) is DENIED. IT IS FURTHER ORDERED that the Government's motion for extension (Doc. 36) is DENIED AS MOOT.

DATED this 14th day of October, 2025.

_____
Dana L. Christensen, District Judge
United States District Court